**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION**

**MICHAEL ALLEN SPITZER,**

**Plaintiff,**

**v.**

**ZOUKI FOR AMERICA
CORPORATION,**

**Defendant.**

**Case No. 20-0701**

## ANSWER

COMES NOW Defendant Zouki For America Corporation ("Zouki") and hereby submits its answer to the Complaint filed against it as follows:

1.  Based upon information and belief, the Defendant admits the allegations in paragraph 1 of the Plaintiff's Complaint that Plaintiff Michael Allen Spitzer was an employee of Defendant from approximately September 11, 2019 until October 11, 2019, but it is without knowledge and information sufficient to form a belief in the truthfulness of the allegations of residency contained in paragraph 1 of the Complaint and therefore denies the same.

2.  The Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.  The Defendant admits the allegation in paragraph 3 of the Plaintiff's Complain that it did business in Hamilton County, Tennessee, but it is without knowledge and

1

information sufficient to form a belief in the truthfulness of the allegation contained in paragraph 3 that a substantial part of the events or omissions giving rise to the cause of action occurred in Hamilton County, Tennessee and therefore denies the same.

4. The Defendant admits to the allegations contained in paragraph 4 of the Plaintiff's Complaint that it was a food service provider at Parkridge East Hospital in Hamilton County, Tennessee.

5. Based upon information and belief, the Defendant admits to the allegation in paragraph 5 of the Plaintiff's Complaint that Plaintiff was employed with Defendant from approximately September 11, 2019 until October 11, 2019.

6. Based upon information and belief, the Defendant admits the allegation contained in paragraph 6 of the Plaintiff's Complaint.

7. The Defendant is without knowledge and information sufficient to form a belief in the truthfulness of the allegations contained in paragraph 7 of the Plaintiff's Complaint and therefore generally denies same.

8. The Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. The Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. The Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11. The Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. The Defendant admits the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. The Defendant admits the allegations contained in paragraph 13 of the Plaintiff's Complaint that Plaintiff filed an EEOC charge and a Notice of Right to Sue letter was issued to Plaintiff, but it is without knowledge and information sufficient to form a belief in the truthfulness of the remaining allegations in Plaintiff's Complaint that Plaintiff has exhausted all administrative remedies prior to filing the instant action and therefore denies the same.

14. The Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15. The Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. The Defendant admits the allegations contained in paragraph 16 of the Plaintiff's Complaint that Defendant employed over 15 persons during the time period alleged in the Complaint.

17. The Defendant is without knowledge and information sufficient to form a belief in the truthfulness of the allegations contained in paragraph 17 of the Plaintiff's Complaint and therefore generally denies same.

18. The Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19. The Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20. The Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. The Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. The Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

23. The Plaintiff's Complaint fails to state a claim upon which relief can be granted as to the Defendant.

24. The Plaintiff's Complaint fails to state a prima facie case of discrimination and/or retaliation against the Defendant.

25. Plaintiff failed to comply with the administrative procedures set forth for EEOC complaints, failed to comply with the jurisdictional procedures and the allegations in the Complaint exceed the scope of the EEOC charge.

26. Some or all of Plaintiffs' claims are barred by the statute of limitations, laches, res judicata, collateral estoppel, settlement and release, or accord and satisfaction.

27. Plaintiff's claims are barred by the doctrine of Unclean Hands,

28. Plaintiff's claims are barred by the doctrine of Comparative Fault.

29. The decisions Plaintiff challenges were based on reasonable business factors other than the claims made in his Complaint and therefore fail.

Now therefore, having fully answered the Complaint against it, Defendant prays that the Complaint be dismissed with prejudice against it with cost and attorney's fees taxed to the Plaintiff along with any other relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of December, 2020.

                                        **BARHAM & MAUCERE LLC**

                                        ***/s/ SCOTT RAYMOND MAUCERE***
                                        Scott Raymond Maucere TN BPR #027407
                                        Admitted to Practice in U.S. District Court
                                        For the Eastern District of Tennessee
                                        6708 Heritage Business Court
                                        Chattanooga, TN 37421
                                        423.855.1755 O
                                        attorneys@b-m.law
                                        scott@b-m.law

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served upon all parties via email CM/ECF electronic filing system and US Mail.

Dated December 7, 2020

                                        ***/s/ SCOTT RAYMOND MAUCERE***
                                        Scott Raymond Maucere