**EXHIBIT A**

# State of Tennessee
## Hamilton County Chancery Court

Plaintiff,

MICHAEL ALLEN SPITZER

Docket No. 20-0701

Defendant,

ZOUKI FOR AMERICA CORPORATION

JURY DEMANDED

# SUMMONS

TO:
ZOUKI FOR AMERICA CORPORATION

Registered Agent:
Legalinc Corporate Services
5865 Ridgeway Center Parkway, Ste. 389
Memphis, TN 38120

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Hamilton County Clerk & Master's Office, in the above styled case. Your defense to this complaint must be filed in the office of the Hamilton County Clerk & Master's Office, on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issues this 9 day of October, 2020.

| Hamilton County Clerk & Master<br>625 Georgia Avenue<br>Chattanooga, TN 37402 | Robin L. Miller, Clerk & Master<br>By Angela Poole<br>**Deputy Clerk** |
|---|---|

Attorneys for Plaintiff    Massey & Associates, PC
6400 Lee Highway, Suite 101
Chattanooga TN 37421

Plaintiff's Address    Care of Attorney

Received this _____ day of _____, 2020

/S/ _____
Deputy Sheriff

A TRUE COPY
ROBIN L. MILLER, Clerk & Master
Chancery Court, Hamilton County, Tennessee
This 9 day of October, 2020
By Angela Poole    DC&M

# State of Tennessee,
## County of Hamilton

I, _____, Clerk of the Court, in and for the State and County aforesaid, herby certify that the within and foregoing is a true and correct copy of the original writ of summons issues in this case.

Robin L. Miller, Clerk & Master

By:_____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

[x] On, NOV 3, 20 20, I delivered a copy of the summons and complaint to the defendant, Zouki for America Coporation by serving C. Richmond - Front Desk Admin

[ ] Failed to serve this summons within 90 days after issuance because: _____

~~Hamilton County Sheriff~~
B. Hankins 5/2/21
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____, 20_____.

_____
Defendant

Robin L. Miller, Clerk & Master
By:_____ D.C

## Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel; family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# IN THE CHANCERY COURT OF HAMILTON COUNTY
## STATE OF TENNESSEE

| | |
|---|---|
| **MICHAEL ALLEN SPITZER,** | |
| Plaintiff, | Case No: 20-0701 |
| vs. | |
| **ZOUKI FOR AMERICA CORPORATION,** | JURY DEMANDED |
| Defendant. | |

## COMPLAINT

Michael Allen Spitzer, through counsel, hereby sues the Defendant, Zouki for America Corporation for disability discrimination and retaliatory discharge under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq., For his cause of action, Plaintiff states as follows:

## PARTIES

1. Plaintiff Michael Spitzer is an adult citizen and resident of Hamilton County, Tennessee. Mr. Spitzer was employed by Defendant from approximately September 11, 2019 until his termination on approximately October 11, 2019.

2. Defendant, Zouki for America Corporation is a Delaware corporation with its principle office in Hamilton County, Tennessee. Defendant's Tennessee registered agent is Legalinc Corporate Services, Inc., who is located at 5865 Ridgeway Center Parkway, Suite 389, Memphis,

1

TN 38120-4032. Defendant employed Mr. Spitzer at a location in Hamilton County, Tennessee, at times relevant to this Complaint.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court because Defendant does business in Hamilton County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Hamilton County, Tennessee.

## FACTUAL ALLEGATIONS

4. Upon information and belief, Defendant provided dining services at Parkridge East Hospital in Hamilton County, Tennessee.

5. Defendant employed Plaintiff from September 11, 2019 until he was terminated on October 11, 2019.

6. Defendant hired Plaintiff to act as a head chef.

7. Also on September 23, 2019, Mr. Spitzer communicated to Defendant, through Stacey Healy, that he lives with bipolar disorder, and that though it created some difficulties for him when he was overwhelmed, he had received intensive counseling and had been successfully working without medication for his condition for three years.

8. At this time, Ms. Healy demanded that Mr. Spitzer obtain and take medication for his bipolar disorder, referred to Mr. Spitzer as a "threat" to safety, and threatened to terminate his employment if he did not obtain and take medication for his bipolar disorder.

9. In the days following his report, Mr. Spitzer was avoided by management to the extent that he had trouble performing his duties and was asked repeatedly whether he was on medication yet, and to send pictures of his medication to management as proof.

10. On September 27, 2019, Mr. Spitzer was informed that he had been demoted from Head Chef to Cook. Mr. Spitzer was given no reason for this demotion.

11. After his demotion, harassment of Mr. Spitzer about taking medication continued, and he was repeatedly told to "smile more" and to "be happy." These comments were not made before his reports to management and the disclosure of his disability.

12. On October 11, 2019, Mr. Spitzer was terminated.

## CAUSE OF ACTION

13. Plaintiff filed an EEOC charge in this case. A Notice of Right to Sue letter was issued to Plaintiff by the EEOC on September 3, 2020. Therefore, Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the EEOC.

14. Plaintiff alleges that Defendant discriminated against him, and discharged him because of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

15. Plaintiff alleges that Defendant retaliated against him for engaging in a protected activity related to his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

16. At all relevant times herein, Defendant employed over 15 persons.

17. At all times relevant herein, Mr. Spitzer's bipolar disorder constituted a disability, a record of having a disability, or a perceived disability.

18. Defendants perceived or regarded Mr. Spitzer's bipolar disorder as a mental impairment that substantially limited one or more of his major life activities, consistent with the definition of

"disability" provided under the Americans with Disabilities Act of 1990, 42 U.S.C. § et. Seq., and the Americans with Disabilities Amendments of 2008.

19. When Defendant terminated Plaintiff's employment, they discriminated against him on the basis of his disability in regard to discharge of employees, advancement, and other terms or conditions of his employment, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

20. At all times relevant herein, Defendant was vicariously liable for the actions and conduct of their employees, agents and representatives.

21. Defendant acted with reckless disregard for Plaintiff's protected rights.

22. As a result of Defendant's culpable acts or omissions as set forth herein, Mr. Spitzer was improperly discriminated against and retaliated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, and attorneys' fees and cost.

## WHEREFORE PLAINTIFF PRAYS:

(a) That Plaintiff be awarded compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

(b) That the Court award Plaintiff the punitive damages allowed by law.

(c) That the Court award Plaintiff the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law.

(d) The Court award the Plaintiff such other, further, and general relief to which he may be entitled.

(e) That a JURY be empaneled to try this action.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

By: _____
W. Baker Gerwig IV; BPR No. 037736
Attorney for Plaintiff
6400 Lee Hwy., Suite 101
Chattanooga, TN 37421
(P): 423.697.4529
(F): 423.634.8886
baker@masseyattorneys.com
*Attorney for Plaintiff*