UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL ALLEN SPITZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:20-cv-330-SKL |
| | ) | |
| ZOUKI FOR AMERICA | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER AND AMENDED SCHEDULING ORDER</u>

Before the Court is the parties' joint motion to continue the jury trial set on April 19, 2022,

and extend all unexpired deadlines [Doc. 16]. On November 18, 2021, a telephonic hearing on the

motion was held. For good cause shown, the parties' joint motion [Doc. 16] is **GRANTED** and

the Scheduling Order is amended only as set forth below:

**5.** ***Disclosure and Discovery***:

(e) ***Expert Testimony***: On or before **February 14, 2022**, Plaintiff shall provide
to all other parties the disclosures required by Fed. R. Civ. P. 26(a)(2). Defendant shall reciprocate
on or before **March 14, 2022**. Such disclosures shall include any required written report pursuant
to Fed. R. Civ. P. 26(a)(2)(B), and/or any required statement pursuant to Fed. R. Civ. P.
26(a)(2)(C). After the Defendant(s) have disclosed their expert reports, Plaintiff(s) have thirty
(30) days to disclose any rebuttal experts, as provided in Fed. R. Civ. P. 26(a)(2)(D)(ii).

If a party believes that a *Daubert* hearing may be necessary to determine the admissibility
of expert testimony, the party shall file an appropriate motion as soon as possible and in any event
**no later than the close of the discovery deadline**.

(f) ***Final Witness List***: On or before **March 28, 2022**, the parties shall provide
to all other parties and file with the Court a final witness list in accordance with Fed. R. Civ. P.
26(a)(3)(A)(i). Within five (5) days after service of this final witness list, the list may be
supplemented. After that time, the list may be supplemented only with leave of the court and for
good cause.

(g) ***All Discovery***:  All discovery undertaken pursuant to Fed. R. Civ. P. 26 through 37, including without limitation the taking of depositions and requests for admissions, and any discovery-related motion practice shall be **completed** by **April 11, 2022**. After this date, the parties may jointly elect to conduct discovery by agreement, but the Court will not address any discovery disputes that may arise. **Read Judge Lee's "Judicial Preferences" on the Court's website, which are incorporated herein.**

(h) ***Pretrial Disclosures***:  On or before **May 9, 2022**, the parties shall make the pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3)(A) (ii) and (iii).  (Deposition testimony and exhibit list).  All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date.

(i) ***Courtroom Technology***:  At least five (5) days before the final pretrial conference the parties shall disclose to one another and to the Court the technology they intend to use in the courtroom during the trial and how they intend to use it (*e.g.*, display equipment; data storage, retrieval, or presentation devices).  This disclosure shall list (1) equipment they intend to bring into the courtroom to use, and (2) equipment supplied by the Court which the parties intend to use.  Further, the parties shall confirm the compatibility/viability of their planned use of technology with the Court's equipment.  General information on equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov).  Specific questions about Court-supplied equipment should be directed to the presiding judge's courtroom deputy (directory available on website).

**6**.     ***Other Scheduling Matters***:

(a) ***Joinder of Parties and Amendments to the Pleadings***:  If any party wishes to join one or more additional parties or amend its pleadings, such motion for joinder or motion for leave to amend shall be filed by **December 21, 2021**.

(b) ***Dispositive Motions***:  Generally, for all matters not implicating the Court's subject matter jurisdiction, each party will be permitted to file only one dispositive motion at each stage of litigation (i.e., one motion to dismiss and one motion for summary judgment per party).  All motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than **April 25, 2022**.  The failure to timely file such motions will be grounds to summarily deny them.  *Absent extraordinary circumstances, the dispositive motion deadline and briefing schedule will not be extended.*

(c) ***Motions in Limine***: Any motion in limine must be filed no later than **June 13, 2022**.  A response to the motion in limine shall be due within **seven business days**.  Any reply will be due within **three business days** after the response is filed.  The parties are limited to raising all in limine issues in a **single motion** that lists all issues and a single supporting brief that is no more than 25 pages long.  The response shall also be a single brief no longer than 25 pages long.  Any reply shall be a single brief no longer than 10 pages.

(d) ***Special Requests to Instruct for Jury Trial***:  Pursuant to Local Rule 51.1, requests for jury instructions and a proposed verdict form shall be submitted to the Court no later than **June 13, 2022**, and shall be supported by citations of authority pursuant to Local Rule 7.4.  A copy of the prepared jury instructions/verdict form should be sent to chambers email (**lee_chambers@tned.uscourts.gov**) as a Word attachment. The parties shall confer and submit a joint proposal for jury instructions to the extent possible.  Before submitting proposed instructions/verdict form to the Court, the parties must attempt to resolve any disagreements. If not submitted jointly, each set of proposed instructions must include a certification that the movant has in good faith conferred or attempted to confer with the other parties in an effort to resolve any disputed instructions. The Court uses the Sixth Circuit Criminal Pattern Jury Instructions as its model in formulating the final instructions given to the jury; therefore, all proposed jury instructions should follow the format of the pattern instructions.

(e) **Motions for extensions of time.**  Motions for an extension of time to file motions, responses, and replies or to comply with deadlines set herein must be made in advance of the deadline the moving party seeks to extend. The moving party must demonstrate why the requested extension is necessary and will bear the burden of specifically defining the bases for and extent of the request. The fact and length of an extension is in the Court's sole discretion. Motions filed on or past the deadline the party seeks to extend are subject to summary denial.

7. ***Final Pretrial Conference***:

(a) A final pretrial conference will be held in this case on **June 27, 2022** at **3:00 p.m. [EASTERN]**. before United States Magistrate Judge Susan K. Lee, Room 401 U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. **All lawyers who plan to participate in the trial must be present _in person_ at the final pretrial conference.** The parties shall prepare and submit a final pretrial order to the Court **at least two business days prior** to the final pretrial conference.

(b) The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list").  Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection.  Following jury selection, counsel and any other person provided the jury list must return to the Clerk the jury list and any copies made from the jury list or destroy them.

8. ***Trial***:  The trial of this case will be held before United States Magistrate Judge Susan K. Lee **with a Jury** beginning on **July 12, 2022**.  The trial is expected to last **3 days.** Counsel shall be present at **8:30 a.m. [EASTERN]** to take up any preliminary matters that may require the Court's attention.  The parties shall be prepared to commence trial at **9:00 a.m. [EASTERN]** on the date that has been assigned.  If this case is not heard immediately, it will be held in line until the following day or any time during the week of the scheduled trial date. **SHOULD THE SCHEDULED TRIAL DATE BE CHANGED BY THE COURT FOR ANY REASON, THE OTHER DATES/DEADLINES CONTAINED IN THIS ORDER SHALL**

**REMAIN AS SCHEDULED. SHOULD THE PARTIES DESIRE A CHANGE IN ANY OF THE DATES/DEADLINES CONTAINED HEREIN, THEY SHOULD FILE A MOTION TO SEEK AN ORDER CHANGING THOSE DATES/DEADLINES.**

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE